UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDGAR TORRES,

   Petitioner,

v.

STATE OF NEW JERSEY,

   Respondent.

Civ. No. 19-13182 (FLW)

**MEMORANDUM AND ORDER**

  Petitioner *pro se*, Edgar Torres ("Petitioner"), a state prisoner currently incarcerated at New Jersey State Prison, in Trenton, New Jersey, commenced this proceeding by filing a petition for writ of habeas corpus, under 28 U.S.C. § 2254. (ECF No. 1.) The proceeding was initially terminated, as the Petition did not include a proper filing fee. (ECF No. 2.) Petitioner has now paid the required filing fee, and the proceeding will be reopened. (*See* ECF No. 3.)

  Upon preliminary screening, it is apparent from the face of the pleading that Petitioner has filed a "mixed petition," that is, a petition that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982). Specifically, Petitioner admits that some of his claims for ineffective assistance of trial counsel have not been fully exhausted "because PCR counsel and PCR appellate counsel failed to advance these claims after being presented to them by the petitioner."[1] (ECF No. 1 ¶ 13.) The Court cannot adjudicate a mixed petition. *See Rose*, 455 U.S. at 510, 522; *see also Rhines v. Weber*, 544 U.S. 269, 273 (2005).

---

[1] Petitioner asserts that these claims are unexhausted because counsel during his post-conviction-relief ("PCR") proceeding disregarded Petitioner's instructions to raise them. He notes that the Superior Court of New Jersey, Appellate Division, declined to hear these arguments on appeal, as they had not been raised below. (*See* ECF No. 1 at 33–39.) The Court notes, however, that, while such claims are not allowed in federal habeas petitions, the New Jersey courts specifically permit successive PCR proceedings to address issues arising from ineffective assistance of prior PCR counsel. *See, e.g.*, N.J. Stat. Ann. § 3:22-12(a)(2)(C).

The Court may, however, in proper circumstances, grant a protective stay to permit a habeas petitioner who has filed a mixed petition to exhaust the unexhausted claims without letting the limitations period expire on the exhausted claims. *See Rhines*, 544 U.S. at 275–78. Before granting such a stay, the Court must examine whether good cause exists for the petitioner's failure to exhaust all claims in state court, whether the unexhausted claims are potentially meritorious, and whether the petitioner is employing the litigation simply as means of delay. *See id.* at 277; *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013).

The Court therefore directs Petitioner to choose one of the following options: (1) request a stay of the Petition pending resolution of his second state post-conviction relief proceeding, pursuant to *Rhines*; (2) delete the unexhausted claims and proceed only on his exhausted claims; or (3) have the Court dismiss the Petition without prejudice as a mixed petition. Petitioner shall make his choice in writing within 30 days of the date of the entry of this Memorandum and Order. If Petitioner fails to respond to this Memorandum and Order, the Court will dismiss the Petition without prejudice as a mixed petition.

The Court further notes that the form Petition filed by Petitioner lacks the required notice under *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000). Consequently, the Court will now provide the *Mason* notice to Petitioner. Before a District Court may rule on a § 2254 petition from a *pro se* petitioner, it must notify the petitioner that he may either (1) have his petition ruled on as filed, or (2) withdraw the petition and file one all-inclusive § 2254 petition "within the one-year statutory period." *Mason*, 208 F.3d at 418 (internal quotation marks omitted); *see also United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999) (same for a § 2255 petition). This notice is required "out of a sense of fairness," because the Anti-Terrorism and Effective Death Penalty

Act of 1996 ("AEDPA") has a restrictive effect on successive habeas petitions. *Mason*, 208 F.3d at 418; *see also Holden v. Mechling*, 133 F. App'x 21, 22 (3d Cir. 2005).

Thus, Petitioner shall also confirm to the Court that the active, pending Petition is his one, all-inclusive petition. Alternatively, he may notify the Court that he wishes to withdraw his Petition and submit one amended, all-inclusive § 2254 Petition. Petitioner shall specifically address this issue in his response to the Court, to be filed within 30 days. If Petitioner does not respond to the Court concerning this issue, the Court will construe this as an indication that the active Petition is his one, all-inclusive petition.

Accordingly, IT IS, on this 11th day of June 2019,

ORDERED that within 30 days of the entry of this Memorandum and Order, Petitioner shall (1) request a stay under *Rhines* pending filing and resolution of a second post-conviction relief proceeding in the state courts, (2) withdraw the unexhausted claims and proceed only on the exhausted claims, or (3) have the Court dismiss the Petition without prejudice as a mixed petition.[2] To the extent Petitioner seek a *Rhines* stay, he shall show cause for the failure to exhaust his claims, explain the potential merit of the claims he seeks to exhaust in state court, and show that he has not engaged in dilatory tactics; and it is further

ORDERED that Petitioner shall also confirm to the Court within 30 days of the entry of this Memorandum and Order whether he wishes to have his Petition ruled on as filed or whether he wishes to withdraw his Petition and submit one amended, all-inclusive § 2254 petition; and it is further

---

[2] If Petitioner opts for dismissal of the Petition without prejudice, he may lose his opportunity to bring any habeas claims, as they could be untimely under AEDPA.

ORDERED that to the extent Petitioner wishes to delete his unexhausted claims or otherwise to submit an amended, all-inclusive petition, he must submit the amended petition within 30 days of the date of the entry of this Memorandum and Order; and it is further

ORDERED that, if Petitioner fails to respond to this Memorandum and Order within 30 days of its entry, this Court will consider Docket Entry Number 1 as Petitioner's one and only all-inclusive § 2254 petition and will dismiss it as a mixed petition; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this order on Petitioner by regular U.S. mail, accompanied by a blank Petition for Relief from a Conviction or Sentence by a Person in State Custody, Form AO 241 (modified) DNJ-Habeas-008(Rev.01-2014); and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
U.S. Chief District Judge